# DISCIPLINARY BOARD
## WASHINGTON STATE BAR ASSOCIATION

In re

MELISSA ANN HUELSMAN,

    Lawyer

Bar No. 30935

Proceeding No. 19#00078

NOTICE OF DISCIPLINARY ACTION

PLEASE TAKE NOTICE that the above-named Washington State attorney has been the subject of disciplinary action as follows:

Melissa Ann Huelsman, of Seattle, WA, entered into a Stipulation to Reprimand. The hearing officer ordered the stipulation approved on September 20, 2021.

A copy of the disciplinary materials is enclosed. This notice is provided pursuant to the Washington Rules for Enforcement of Lawyer Conduct (ELC).

DATED this 14th of October, 2021.

Allison Sato
Discipline Systems Analyst

Attachments: Discipline Decision

cc:   (X) Presiding Judge, County of King
      (X) Supreme Court of Washington
      (X) U.S. District Court, W.D. Washington
      (X) U.S. District Court, E.D. Washington
      (X) U.S. Court of Appeals, Ninth Circuit
      (X) Other jurisdictions where attorney admitted: CA

Notice of Discipline
Page 1 of 1

WASHINGTON STATE BAR ASSOCIATION
1325 Fourth Avenue – Suite 600
Seattle, WA 98101-2539
(206) 727-8207

DISCIPLINARY BOARD
WASHINGTON STATE BAR ASSOCIATION

Notice of Reprimand

Lawyer Melissa Ann Huelsman, WSBA No. 30935, has been ordered Reprimanded by the following attached documents: Stipulation to Reprimand, Order on Stipulation to Reprimand.

WASHINGTON STATE BAR ASSOCIATION

*N. Gustine*

Nicole Gustine
Counsel to the Disciplinary Board

CERTIFICATE OF SERVICE

By order of Washington Supreme Court Order No. 25700-B-609, I certify that I caused a copy of the Notice of Reprimand to be emailed to the Office of Disciplinary Counsel and to Respondent Melissa Ann Huelsman, at Mhuelsman@predatorylendinglaw.com, on the 27th day of September, 2021.

Clerk to the Disciplinary Board

Notice of Reprimand
Page 1 of 1

WASHINGTON STATE BAR ASSOCIATION
1325 Fourth Avenue – Suite 600
Seattle, WA 98101-2539
(206) 727-8207



DISCIPLINARY BOARD
WASHINGTON STATE BAR ASSOCIATION

In re

    Melissa Ann Huelsman,

    Lawyer (Bar No. 30935).

Proceeding No. 19#00078

ORDER ON STIPULATION TO REPRIMAND

On review of the September 17, 2021 Stipulation to Reprimand and the documents on file in this matter,

IT IS ORDERED that the September 17, 2021 Stipulation to Reprimand is approved.

Dated this 20th day of September 2021.

_____
Diana M. Dearmin
Hearing Officer

# CERTIFICATE OF SERVICE

By order of Washington Supreme Court Order No. 25700-B-609, I certify that I caused a copy of the Order on Stipulation to Reprimand to be emailed to the Office of Disciplinary Counsel and to Respondent Melissa Ann Huelsman, at Mhuelsman@predatorylendinglaw.com, on the 20th day of September, 2021.

_____
Clerk to the Disciplinary Board



FILED
Sep 20, 2021
Disciplinary Board
Docket # 079

# DISCIPLINARY BOARD
## WASHINGTON STATE BAR ASSOCIATION

In re

**MELISSA ANN HUELSMAN,**

Lawyer (Bar No. 30935).

Proceeding No. 19#00078

ODC File No. 18-00452

STIPULATION TO REPRIMAND

Following settlement conference conducted under ELC 10.12(h)

Under Rule 9.1 of the Washington Supreme Court's Rules for Enforcement of Lawyer Conduct (ELC), and following a settlement conference conducted under ELC 10.12(h), the following Stipulation to Suspension is entered into by the Office of Disciplinary Counsel (ODC) of the Washington State Bar Association (Association) through managing disciplinary counsel Kathy Jo Blake and Respondent lawyer Melissa Ann Huelsman.

Respondent understands that they are entitled under the ELC to a hearing, to present exhibits and witnesses on their behalf, and to have a hearing officer determine the facts, misconduct and sanction in this case. Respondent further understands that they are entitled under the ELC to appeal the outcome of a hearing to the Disciplinary Board, and, in certain cases, the Supreme Court. Respondent further understands that a hearing and appeal could result in an outcome more favorable or less favorable to them. Respondent chooses to resolve this proceeding

Stipulation to Discipline
Page 1

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

now by entering into the following stipulation to facts, misconduct and sanction to avoid the risk, time, and expense attendant to further proceedings.

## I. ADMISSION TO PRACTICE

1. Respondent was admitted to practice law in the State of Washington on February 9, 2001.

2. Respondent was admitted to practice law in the State of California on December 11, 1997 and is on inactive status there.

## II. STIPULATED FACTS

3. On March 18, 2018, ODC received notice of an overdraft on Respondent's trust account at US Bank ending in #8025 and opened a grievance.

4. In response to ODC's request for an explanation of the cause of the overdraft and for bank and trust account records, Respondent said that she had two trust accounts: a "main" trust account at US Bank ending in #5482, and a "second" trust account at US Bank ending in #8025. She said that the overdraft occurred because she mistakenly had issued a check from account #8025 instead of account #5482.

5. Respondent did not provide a checkbook register for either trust account.

6. Respondent was not keeping trust account check registers as required by Rule 1.15B(a)(1) of the Rules of Professional Conduct (RPC).

7. Although Respondent provided individual client ledgers, her ledgers did not include for each transaction the purpose of the transaction, the date of the transaction, the check number, the payor and payee for the transaction, or the client ledger balance after each transaction as required by RPC 1.15B(a)(2).

8. Respondent did not provide any records showing that she was reconciling her trust

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

account records to the bank statements and to her client ledgers as often as she received bank statements, which was monthly.

9. Respondent was not reconciling her trust accounts to the bank records and the client ledgers on a monthly basis as required by RPC 1.15A(h)(6).

10. ODC's auditor reconstructed Respondent's trust accounts based on bank and trust account records provided by Respondent for the period of January 1, 2018 through March 31, 2018.

11. The auditor's reconstruction showed that as of March 31, 2018, the combined total of the check register balances for both of Respondent's trust accounts was $125,378.27, but the total of all positive client ledger balances was $145,178.45. According to Respondent's trust account records, there was a shortage of client funds in Respondent's trust accounts on March 31, 2018 of $19,800.18.

12. Respondent failed to maintain client funds in trust as required by RPC 1.15A(c)(1) and RPC 1.15A(h)(8).

13. Respondent has made efforts to reconstruct Respondent's trust account, but to date has not completed the reconstruction.

### III. STIPULATION TO MISCONDUCT

14. By failing to maintain check registers for her trust accounts, Respondent violated RPC 1.15B(a)(1).

15. By failing to maintain complete client ledgers that for each transaction identified: 1) the purpose of the transaction; 2) the transaction date; 3) the check number for each disbursement; 4) the payor or payee; and/or 5) the client ledger balance following each transaction, Respondent violated RPC 1.15B(a)(2).

Stipulation to Discipline
Page 3

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

16. By failing to reconcile her trust account records as often as she received bank statements, Respondent violated RPC 1.15A(h)(6).

17. By failing to hold clients' funds in trust and by disbursing more funds than what the clients had on deposit, Respondent violated RPC 1.15A(c)(1) and RPC 1.15A(h)(8).

## IV. PRIOR DISCIPLINE

18. Respondent does not have any prior public discipline.

## V. APPLICATION OF ABA STANDARDS

19. The following American Bar Association Standards for Imposing Lawyer Sanctions (1991 ed. & Feb. 1992 Supp.) apply to this case:

20. ABA Standard 4.1 applies to Respondent's violations of RPC 1.15A and 1.15B:

*4.1 Failure to Preserve the Client's Property*
    4.11  Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.
    **4.12  Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.**
    4.13  Reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client.
    4.14  Admonition is generally appropriate when a lawyer is negligent in dealing with client property and causes little or no actual or potential injury to a client.

21. Respondent knew or should have known that she was dealing improperly with client property.

22. Clients with funds in Respondent's trust accounts were injured because they did not have their money properly accounted for and those with negative balances had their funds improperly disbursed.

23. The presumptive sanction is suspension.

24. The following aggravating factors apply under ABA Standard 9.22:

Stipulation to Discipline
Page 4

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

(d) multiple offenses;
(i) substantial experience in the practice of law [Respondent was admitted to practice law in Washington in 2001 and in California in 1997].

25. The following mitigating factors apply under ABA Standard 9.32:

(a) absence of a prior disciplinary record;
(b) absence of dishonest or selfish motive;
(g) character or reputation; and
(l) remorse.

26. A significant mitigating factor is the contribution this stipulation makes to the efficient and effective operation of the lawyer discipline system considering the effect the COVID-19 public health emergency has had on disciplinary resources and the orderly processing of disciplinary matters.

27. On balance the aggravating and mitigating factors justify a departure from the presumptive sanction to reprimand.

## VI. STIPULATED DISCIPLINE

28. The parties stipulate that Respondent shall receive a reprimand for her conduct.

29. Within 30 days of this stipulation receiving final approval, Respondent must complete the following steps to disburse any funds that are owed to clients or third parties and to receive additional education on how to handle client funds in compliance with RPC 1.15A and RPC 1.15B of the Washington Supreme Court's Rules of Professional Conduct:

a) Respondent must carefully review the WSBA publication Managing Client Trust Accounts: Rules, Regulations, and Common Sense, and provide disciplinary counsel with a signed certification that she has done so.

b) Respondent must complete the WSBA continuing legal education course entitled, "Managing Client Trust Accounts" (October 2014), or an equivalent 1.5 credits on managing trust accounts in Washington State, and provide disciplinary counsel with documentation showing that she has done so.

c) For the clients and or third parties listed below (originally identified by Respondent in an October 5, 2020 email to ODC), Respondent shall, within 30 days of approval

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

of this stipulation, disburse the funds. Respondent must provide proof that Respondent has either earned the following funds or returned the funds to the client or third party. If after taking reasonable steps Respondent is unable to locate the client or third party, Respondent should treat the funds as unclaimed property under the Uniform Unclaimed Property act, RCW 63.29. Within 60 days of final approval of this stipulation, Respondent shall provide ODC with proof that the funds have been delivered, are no longer owed, or have been remitted to the Department of Revenue consistent with RCW 63.29.

- J****y $1,430
- L*******n $1,000
- L***s $67.80
- M******r $1,022.90
- N*****e $2,945.95
- R*******n $1,520.24
- S**********h $2,207.42
- G***m $1,000

30. <u>Within 60 days of this stipulation being final, Respondent must:</u>

  a) Provide proof of Respondent having deposited Respondent's own funds to the trust accounts to cure any outstanding shortage reflected in ODC's Auditor Report dated October 7, 2019.

  b) For each of the clients listed on Attachment D to ODC Auditor Report dated October 7, 2019, Respondent must provide ODC with documentary evidence demonstrating either that the client or third party is not entitled to a return of any of the amount listed or that Respondent has provided the client or third party with a complete accounting of funds and returned to the client or third party any unearned amounts and/or any amounts to which Respondent cannot establish entitlement.

  c) For the time frame of March 31, 2018 up through September 1, 2021, Respondent must provide to ODC, for each trust account open during any portion of that time frame, copies of the following:

   - any and all bank statements,
   - copies of any and all deposited items,
   - copies of any and all records of disbursements,
   - a complete and accurate check register identifying every transaction,
   - complete and accurate client ledgers identifying every transaction attributable to a client,

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

- monthly reconciliations between the check register and the bank statement,
- monthly reconciliations between the check register and the client ledgers, and
- if the Respondent maintains trust-account records in QuickBooks, provide an electronic copy of the file with the trust-account records.

31. Respondent will be subject to probation for a period of two years beginning when this stipulation receives final approval, with periodic reviews under ELC 13.8 of her trust account practices, and must comply with the specific probation terms set forth below:

   d) Respondent shall carefully review and fully comply with RPC 1.15A and RPC 1.15B, and shall carefully review the current version of the publication, <u>Managing Client Trust Accounts: Rules, Regulations, and Common Sense</u>.

   e) For all client matters, Respondent shall have a written fee agreement signed by the client, which agreements are to be maintained for least seven years (see RPC 1.15B(a)(3)).

   f) On a monthly basis, using ODC's form report entitled "Monthly Reconciliation and Review Report," Respondent shall review the trust-account records detailed on the form report, review the completed report, and sign and date the completed report.

   g) On a quarterly basis, Respondent shall provide ODC's audit staff with all trust-account records for the time period to be reviewed by ODC's audit staff and disciplinary counsel for compliance with the RPC:

   i) Months 1 – 3. By no later than the 30th day of the fourth month after the commencement of probation, Respondent shall provide the trust account records from the date of commencement of probation to the end of the third full month.

   ii) Months 4 – 6. By no later than the 30th day of the seventh month after the commencement of probation, Respondent shall provide the trust account records from the end of the previously provided quarter through the end of month six.

   iii) Months 7 – 9. By no later than the 30th day of the tenth month after the commencement of probation, Respondent shall provide the trust account records from the end of the previously provided quarter through the end of month nine.

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

iv) Months 10 – 12. By no later than the 30th day of the thirteenth month after the commencement of probation, Respondent shall provide the trust account records from the end of the previously provided quarter through the end of month twelve.

v) Months 13 – 15. By no later than the 30th day of the sixteenth month after the commencement of probation, Respondent shall provide the trust account records from the end of the previously provided quarter through the end of month fifteen.

vi) Months 16 – 18. By no later than the 30th day of the nineteenth month after the commencement of probation, Respondent shall provide the trust account records from the end of the previously provided quarter through the end of month eighteen.

vii) Months 19 – 21. By no later than the 30th day of the twenty-second month after the commencement of probation, Respondent shall provide the trust account records from the end of the previously provided quarter through the end of month twenty-one.

The trust account records Respondent provides to ODC for each quarterly review of his trust account will include: (a) copies of each completed "Monthly Reconciliation and Review Report" referenced in sub-paragraph(c) above, (b) a complete checkbook register for his/her trust account covering the period being reviewed, (c) complete individual client ledger records for any client with funds in Respondent's trust account during all or part of the period being reviewed, as well as for Respondent's own funds in the account (if any), and (d) copies of all trust-account bank statements, deposit slips, and cancelled checks covering the period being reviewed. ODC's Audit Manager or designee will review Respondent's trust account records for each period.

h) On the same quarterly time schedule set forth in the preceding paragraph, Respondent will provide ODC's Audit Manager or designee with copies of any and all fee agreements entered into within the time period at issue.

i) ODC's Audit Manager or designee may request additional financial or client records if needed to verify Respondent's compliance with RPC 1.15A and/or 1.15B. Within twenty days of a request from ODC's Audit Manager or designee for additional records needed to verify Respondent's compliance with RPC 1.15A and/or RPC 1.15B, Respondent will provide ODC's Audit Manager or designee the additional records requested.

j) Respondent will reimburse the Association for time spent by ODC's Audit Manager or designee in reviewing and reporting on Respondent's records to determine his/her compliance with RPC 1.15A and RPC 1.15B, at the rate of $85 per hour. Respondent will make payment within thirty days of each written invoice setting forth the auditor's time and payment due.

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

## VII. RESTITUTION

32. If the reconstructed trust-account records for the time period of March 31, 2018 to September 1, 2021 indicate that any client is owed funds, then Respondent is required to make full restitution to each client of all funds owed.

## VIII. COSTS AND EXPENSES

33. In light of Respondent's willingness to resolve this matter by stipulation, ODC is not seeking expenses under ELC 13.9(c). Respondent shall pay actual costs of $828.75 in accordance with ELC 13.9(b). The Association will seek a money judgment under ELC 13.9(*l*) if these costs are not paid within 30 days of approval of this stipulation (unless Respondent has established a payment plan with the Association).

## IX. VOLUNTARY AGREEMENT

34. Respondent states that prior to entering into this Stipulation they had an opportunity to consult independent legal counsel regarding this Stipulation, that Respondent is entering into this Stipulation voluntarily, and that no promises or threats have been made by ODC, the Association, nor by any representative thereof, to induce the Respondent to enter into this Stipulation except as provided herein.

35. Once fully executed, this stipulation is a contract governed by the legal principles applicable to contracts, and may not be unilaterally revoked or modified by either party.

## X. LIMITATIONS

36. This Stipulation is a compromise agreement intended to resolve this matter in accordance with the purposes of lawyer discipline while avoiding further proceedings and the expenditure of additional resources by the Respondent and ODC. Both the Respondent lawyer and ODC acknowledge that the result after further proceedings in this matter might differ from

Stipulation to Discipline
Page 9

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

the result agreed to herein.

37. This Stipulation is not binding upon ODC or the respondent as a statement of all existing facts relating to the professional conduct of the respondent lawyer, and any additional existing facts may be proven in any subsequent disciplinary proceedings.

38. This Stipulation results from the consideration of various factors by both parties, including the benefits to both by promptly resolving this matter without the time and expense of hearings, Disciplinary Board appeals, and Supreme Court appeals or petitions for review. As such, approval of this Stipulation will not constitute precedent in determining the appropriate sanction to be imposed in other cases; but, if approved, this Stipulation will be admissible in subsequent proceedings against Respondent to the same extent as any other approved Stipulation.

Under ELC 3.1(b), all documents that form the record before the Hearing Officer for his or her review become public information on approval of the Stipulation by the Hearing Officer, unless disclosure is restricted by order or rule of law.

39. If this Stipulation is approved by the Hearing Officer, it will be followed by the disciplinary action agreed to in this Stipulation. All notices required in the Rules for Enforcement of Lawyer Conduct will be made. Respondent represents that, in addition to Washington, Respondent also is admitted to practice law in the following jurisdictions, whether current status is active, inactive, or suspended: California.

40. If this Stipulation is not approved by the Hearing Officer, this Stipulation will have no force or effect, and neither it nor the fact of its execution will be admissible as evidence in the pending disciplinary proceeding, in any subsequent disciplinary proceeding, or in any civil or criminal action.

Stipulation to Discipline
Page 10

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207

WHEREFORE the undersigned being fully advised, adopt and agree to this Stipulation to Reprimand as set forth above.

*signature*

Melissa Ann Huelsman, Bar No. 30935
Respondent

Dated: 9/17/21

*signature*

Kathy Jo Blake, Bar No. 29235
Managing Disciplinary Counsel

Dated: 9/17/2021

OFFICE OF DISCIPLINARY COUNSEL
OF THE WASHINGTON STATE BAR ASSOCIATION
1325 4th Avenue, Suite 600
Seattle, WA 98101-2539
(206) 727-8207